RAYMOND L. CLEVELAND *vs.* THOMAS W. PEIRCE.

Essex.    November 9, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Contract,* Whether joint or several.

At the trial of an action, which was upon an alleged oral agreement by the defendant to indemnify the plaintiff for any loss he might sustain if he should become one of two sureties upon the bail bond of a third person, the defendant contended that the agreement which he made was to hold the plaintiff and the other surety harmless up to the amount of the bail bond only, that the agreement was joint and not several, and that he had been discharged from liability thereon by a settlement with the other surety, but, it appearing from an examination of the record before this court that there was evidence to substantiate the plaintiff's contentions, the questions, whether the defendant made the promise alleged, and whether that promise was several or was joint, were held to have been questions of fact for the jury.

CONTRACT upon an alleged oral agreement of the defendant to hold the plaintiff harmless and indemnify him for any loss he

---

* As to the statement required upon an order granting a new trial, see St. 1911, c. 501.

might sustain by reason of his becoming a surety with one Donaldson upon a bail bond of one Charles J. Averill. Writ dated March 24, 1908.

In the Superior Court the case was tried before *Raymond*, J. There was evidence on the plaintiff's behalf tending to show the agreement relied on, and that, although the defendant made a like agreement with Donaldson, the agreements were several and not joint. The defendant contended and introduced evidence tending to show that there was a joint agreement, that an action against the defendant by Donaldson had been settled by a judgment entered by agreement, and therefore that the claim of the plaintiff against the defendant had been discharged.

At the close of the evidence the defendant asked for rulings, (1) that the action could not be maintained upon the evidence; (2) that the evidence tended to show only a liability to the plaintiff jointly with Donaldson, and that the defendant was not liable to the plaintiff alone; (3) that the defendant was only liable to the sureties in one sum of $2,000, the amount of Averill's bail bond; and (4) that, if the defendant was liable to the plaintiff and Donaldson, whether jointly or severally, upon the bail bond, then the judgment and satisfaction by the defendant recovered by Donaldson was a bar to further recovery.

The rulings were refused. The jury found for the plaintiff in the sum of $641.41; and the defendant alleged exceptions.

*D. L. Smith*, for the defendant.

*S. Parsons & G. C. Donaldson*, for the plaintiff, were not called upon.

HAMMOND, J. Whether the promise was made by the defendant and whether it was a joint or several promise were upon the evidence clearly questions of fact for the jury. If the liability was several, each promisee must sue alone; and a recovery by one on the promise made to him would be no bar to an action by the other on the promise made to this other. All the requests were therefore rightly refused. The exception to the admission of the record is not argued, and in view of its untenable nature we consider it waived.

The exceptions are frivolous and are overruled with double costs, and interest at the rate of twelve per cent a year upon the

amount of damage as found by the jury from the time the exceptions were allowed; and it is

*So ordered.*